IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES M. JOHNSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2543-L** |
| | § | |
| **CITY OF IRVING, TEXAS, JOHN CERAMI, and RAFAEL ESPARZA**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant City of Irving's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed January 7, 2011. Plaintiff James M. Johnson ("Plaintiff" or "Johnson") did not file a response to the motion. After careful consideration of the motion, brief, and applicable authority, the court **grants** Defendant City of Irving's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

### I.     Background

Johnson filed this action pursuant to 42 U.S.C. § 1983 on December 14, 2010, against the City of Irving ("City"), John Cerami ("Cerami"), and Rafael Esparza ("Esparza"). He contends that he was shot in both shoulders and in the side by Defendants Cerami and Esparza, who are police officers of the City. He seeks damages from the individual officers and the City for injuries that he allegedly suffered.

## II. Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

## III. Analysis

### A. Sufficiency of Allegations

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

Plaintiff makes the following substantive allegations against the City:

> Defendant, City of Irving, Texas is a municipal corporation organized and existing under the laws of the State of Texas, which has authorized and empowered [the] City of Irving to create a police department to enforce the laws of the State of Texas, and thereby acts under the color of law by and through its duly appointed police officers. This defendant may be served with process by serving Herbert Gears, Mayor, City of Irving, Texas, at 825 W. Irving Blvd., Irving, TX 75060.
>
> . . .
>
> This cause of action is bought by plaintiff against defendant City for deprivation by its agents, servants, or employees, defendants Cerami and Esparza, of the constitutional rights of Plaintiff within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.
>
> The above described actions of defendants Cerami and Esparza, while agents, servants, or employees of defendant City, subjected plaintiff to a deprivation of rights and privileges secured to plaintiff by the Constitution and laws of the United States, including the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

Pl's. Original Compl. ¶¶ 2.2, 5.2, and 5.3.

Plaintiff's Complaint as pleaded seeks to hold the City liable under a theory of *respondeat superior* by virtue of Cerami's and Esparza's employment with the City. As a matter of law, a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability for civil rights violations brought pursuant to 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694. A municipality only incurs liability if its policy or custom causes a person to suffer injury. *Id.* Plaintiff's Complaint is deficient. Nowhere does it even obliquely allege that Johnson was injured as a result of a policy or custom of the City. With such allegations absent from the Complaint, the court cannot draw a reasonable inference that the City is liable for the misconduct alleged by Plaintiff. Further, in absence of allegations regarding an unconstitutional policy or custom, Plaintiff does not give the City fair notice of what his claim is against it and the grounds upon which his claim rests. For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted against the City, and dismissal of his Complaint against the City is appropriate.

### B. Amendment of Pleadings

Normally, a court will allow a party an opportunity to amend his pleadings to cure deficiencies. The court, however, determines that an additional attempt would be futile, which is a basis for a court to deny further amendment of pleadings. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). The court makes this determination for two reasons. First, Plaintiff did not file a response to the City's motion to dismiss. Second, Plaintiff has not requested to amend his Complaint, which, out of an abundance of caution, is something ordinarily requested by a plaintiff if the sufficiency of his pleadings is questioned. Plaintiff has had two "bites at the apple" to address the obvious deficiencies of his Complaint. A reasonable inference is that Plaintiff does not believe

he can amend to demonstrate that an unconstitutional policy or custom of the City caused his alleged injuries. In other words, because Plaintiff has not taken advantage of two opportunities, the court determines that he has pleaded his best case against the City and that amendment would be futile. Accordingly, the court will not *sua sponte* allow Plaintiff an opportunity to amend his Complaint.

## IV. Conclusion

For the reasons herein stated, Plaintiff fails to state a claim upon which relief can be granted against the City. Accordingly, the court **grants** Defendant City of Irving's Motion to Dismiss and **dismisses with prejudice** this action against the City.

**It is so ordered** this 8th day of April, 2011.

Sam A. Lindsay
United States District Judge